■ RONALD E. JAGGIE, Respondent, v NORTHSTAR TUBULAR CORPORATION et al., Appellants, and KATHY WALTON et al., Appellants, et al., Defendant. (And Counterclaim Actions.) [600 NYS2d 18] —Order, Supreme Court, New York County (David Saxe, J.), entered on or about June 4, 1992, which denied the motion of the defendants to dismiss plaintiff's 12th, 16th, 19th, 28th, 29th and 30th causes of action in the second amended complaint, unanimously modified, on the law, to dismiss the 29th and 30th causes of action solely as against defendant Coopers & Lybrand, and otherwise affirmed, without costs.

The order should be affirmed for the reasons stated by Justice Saxe, except insofar as it dealt with the 29th and 30th causes of action as against defendant Coopers & Lybrand. As to these causes of action, we find that the complaint does not allege, as required by the Racketeer Influenced and Corrupt Organizations (RICO) Act, that Coopers & Lybrand committed two predicate racketeering acts. In order to satisfy this requirement of the RICO statute, a plaintiff must allege that the defendants committed at least two of the predicate acts which are specifically enumerated in 18 USC § 1961 (1), including "any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in narcotic or other dangerous drugs, which is chargeable under State law and punishable by imprisonment for more than one year" and certain specified acts indictable under Federal law including mail fraud, as defined in 18 USC § 1341.

In this case, while the complaint alleges that Coopers & Lybrand was actually involved in offering a bribe, it does not allege that the bribe was offered without the knowledge of the proposed recipient's principal, i.e., the corporation, or that plaintiff was actually harmed, and therefore fails to allege commercial bribing in the first degree under New York Penal

Law § 180.03. As to the allegation of mail fraud (18 USC § 1341), plaintiff alleged that Coopers & Lybrand wrote a letter falsely informing plaintiff that its audit report would be ready shortly. As to this allegation, there is no additional allegation of scienter nor are there facts alleged from which the court could infer the requisite fraudulent intent. Under these circumstances, a claim for mail fraud was not made out *(United States v Rodolitz,* 786 F2d 77, 80, *cert denied* 479 US 826). Finally, the allegations that Coopers & Lybrand knew or should have known of certain bribes and overlooked them in preparing its audits are similarly insufficient to allege a predicate act.

Under these circumstances, it is clear that plaintiff failed to state a civil RICO claim against Coopers & Lybrand and the 29th and 30th causes of action should be dismissed as against it. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.